IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERICKA BENEDICTO                                                                      PLAINTIFF

v.                                       CASE NO. 4:14CV00610 BSM

CITY OF LITTLE ROCK                                                                DEFENDANT

## ORDER

Plaintiff Ericka Benedicto's motion for a new trial [Doc. No. 55] is denied.  Benedicto brings this motion pursuant to Federal Rule of Civil Procedure 59(a)(1), claiming that (1) the jury did not represent a fair cross section of the community; (2) the verdict was against the weight of the evidence; (3) and Bruce Moore gave false testimony.

### I.   DISCUSSION

Whether to grant a new trial pursuant to Federal Rule of Civil Procedure 59 is discretionary.  *Der v. Connolly*, 666 F.3d 1120, 1126 (8th Cir. 2012).  The key question that must be answered is whether a new trial is necessary to prevent a miscarriage of justice.  *Id*.

A.   Fair Cross Section Claim

Benedicto's fair cross section claim is denied.  Benedicto was required to challenge the jury's composition either before voir dire examination or within seven days of discovering that the jury was not sufficiently diverse, whichever was earlier.  *United States v. Grose*, 525 F.2d 1115, 1118 (7th Cir. 1975).  Benedicto, however, did not challenge the jury's composition either before or during voir dire and has now filed this challenge more than 25 days after the completion of voir dire and after she found out the composition of the

jury.

Even if the motion were timely, it would be denied because Benedicto failed to show systematic exclusion. In order to establish a prima facie violation of the fair-cross-section requirement, Benedicto must show that: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979). "To demonstrate the existence of systematic exclusion, a party must prove unfair under-representation of the excluded group on his venire and in general on other venires in the relevant judicial system near the time of his trial." *Singleton v. Lockhart*, 871 F.2d 1395, 1398 (8th Cir. 1989).

Benedicto contends that the jury venire "was unfair and unreasonable" because it included no persons of color. Benedicto, however, has not submitted any evidence of the racial composition of other venires in the Eastern District of Arkansas. Therefore, even if she could establish the first two prongs, she has not established that "persons of color" are systematically excluded from the jury-selection process in the Eastern District of Arkansas. *See Singleton*, 871 F.2d at 1399 ("Evidence of a discrepancy on a single venire panel cannot demonstrate systematic exclusion.").

    B.    <u>Verdict Against the Weight of the Evidence</u>

Benedicto's motion based on the weight of the evidence is denied because the verdict was not against the clear, overwhelming, or great weight of the evidence. *See McBryde v. Carey Lumber Co.*, 819 F.2d 185, 189 (8th Cir. 1987). The evidence did not overwhelmingly support Benedicto's position that she was denied a salary increase because she is black.

C.  Bruce Moore's Testimony

Benedicto's motion based on false testimony provided by Bruce Moore is denied because Benedicto was given a fair opportunity to cross examine Moore. Moreover, Benedicto testified after Moore, and gave her version of the facts. The jury then performed its duty by determining which testimony was more credible. *See McBryde*, 819 F.2d at 189.

III.  CONCLUSION

For these reasons Benedicto's motion for a new trial [Doc. No. 55] is denied.

IT IS SO ORDERED this 26th day of May 2016.

_____
UNITED STATES DISTRICT JUDGE